# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM B. JOLLEY,
  Appellant,

  v.

DEPARTMENT OF HOUSING AND
  URBAN DEVELOPMENT,
  Agency.

DOCKET NUMBERS
SF-0752-13-0583-I-1
SF-0752-14-0286-I-1

DATE: June 16, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William B. Jolley, Brunswick, Georgia, pro se.

Jo Ann Riggs, Seattle, Washington, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary retirement appeals for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant, whose most recent period of employment with the agency commenced in 2004, has, over the years, filed numerous appeals alleging violations of the Uniformed Services Employment and Reemployment Rights Act (USERRA). In 2010, he retired from his Director position at the agency's Boise Field Office, claiming that he did so involuntarily. He unsuccessfully challenged the action by filing suit in the U.S. District Court for the Southern District of Georgia under the Age Discrimination in Employment Act (ADEA).[2] *See Jolley v. Department of Housing & Urban Development*, MSPB Docket No. SF-0752-13-0583-I-1, Initial Appeal File (IAF 13-0583), Tab 11 at 37-47. His writ of mandamus was denied on appeal. *Id.* at 56-58. He also filed a USERRA appeal against the Department of Justice (DOJ), arguing that that agency should be considered his "employer" because, having provided direction and advice to the agency in connection with his ADEA litigation, DOJ had control over his USERRA appeals and therefore the adverse employment actions taken by the agency. The administrative judge dismissed the appeal for lack of jurisdiction,

---

[2] The appellant was 79 years old when he retired.

*Jolley v. Department of Justice*, MSPB Docket No. SF-4324-14-0405-I-1, Initial Decision (Apr. 11, 2014), the Board denied the appellant's petition for review of that decision, *Jolley v. Department of Justice*, MSPB Docket No. SF-4324-14-0405-I-1, Final Order (Aug. 28, 2014), and the U.S. Court of Appeals for the Federal Circuit affirmed the Board's decision, *Jolley v. Department of Justice*, No. 2014-3202, 2015 WL 527485 (Fed. Cir. Feb. 10, 2015).

¶3    While those matters were pending, the appellant filed a new appeal, again arguing that his retirement was involuntary, but based on 38 U.S.C. § 4311(b)(1), which prohibits discrimination or retaliation because a person has taken an action to enforce a protection afforded under 38 U.S.C. chapter 43. IAF 13-0583, Tab 1. The appellant contended that the agency had committed a constructive adverse action, tantamount to a removal, based on his participation in "veteran personnel appeals by . . . himself and . . . others." *Id.* at 5. He specifically declined a hearing. *Id.* at 2.

¶4    The administrative judge issued an order advising the appellant that retirement actions are presumed to be voluntary and not appealable to the Board and that his appeal would be dismissed unless he amended it to allege that his retirement was the result of duress, coercion, or misrepresentation by the agency. *Id.*, Tab 2. In response, the appellant argued that, in 2007, the agency had directed his reassignment from Jacksonville, Florida to Boise, Idaho, that he was not allowed to choose other "more geographically advantageous" positions or to "swap" positions with another Director, and that he ultimately was forced to retire "to be closer to family and personal interests." *Id.*, Tabs 5, 9-10. The agency urged that the appeal be dismissed for lack of jurisdiction on the basis that the appellant had the choice to continue working in Boise or to retire, and that the fact that he found neither option attractive did not render his decision to retire involuntary. *Id.*, Tab 11 at 12. The agency further argued that the appellant failed to show that his protected activity of filing USERRA appeals or assisting

others in so doing had any bearing on the voluntariness of his retirement. *Id.* at 13-14.

¶5    While this appeal was pending, the appellant filed another appeal in which he again argued that his retirement was involuntary, this time claiming that it was in retaliation for his protected whistleblowing disclosures. *Jolley v. Department of Housing & Urban Developmen*t, MSPB Docket No. SF-0752-14-0286-I-1, Initial Appeal File (IAF 14-0286), Tab 1.   According to the appellant, he disclosed a violation of law, rule, or regulation, and gross mismanagement by the agency in connection with his directed reassignment, and various irregularities in DOJ's Assistant U.S. Attorney's representation of the agency in his ADEA litigation. *Id.* at 5, 7-10.   Again, the appellant specifically declined a hearing. *Id.* at 2.

¶6    As he did in the earlier appeal, the administrative judge issued an order advising the appellant that retirements are presumed to be voluntary and that his appeal would be dismissed unless he amended it to allege that he retired because of duress, coercion, or misrepresentation by the agency. *Id.*, Tab 5.   In response, the appellant argued that, based on the agency's actions, he had no realistic alternative but to retire. *Id.*, Tab 8.   The agency urged that the appeal be dismissed for lack of jurisdiction on the basis that the appellant could have remained in his position in Boise, and that his decision, after 2 years, to retire did not render his retirement involuntary. *Id.*, Tab 10 at 8-9.   The agency further argued that the appellant's whistleblower allegations lacked merit because, to the extent, he made any protected disclosures, he did so only after he had retired. *Id.* at 9-12.

¶7    Having determined that the two appeals concerned similar issues, the administrative judge joined them for adjudicatory purposes, *id.*, Tab 16, Initial

Decision (ID) at 1 n.1, and dismissed both appeals for lack of jurisdiction,[3] ID at 3, 12. The administrative judge found no evidence that the appellant's directed reassignment and the agency's decision not to transfer him as a part of his requested "swap" were in any way motivated by a desire to coerce his retirement. ID at 8. The administrative judge further found that the appellant had a choice to continue working in Boise or to retire, and that the fact that he did not desire either option did not render his decision to retire involuntary. ID at 8-9. Finally, the administrative judge found that the appellant's discrimination and retaliation claims did not support a finding that his retirement was involuntary. ID at 9-12.

¶8    The appellant has filed a petition for review,[4] Petition for Review (PFR) File, Tabs 1, 3, to which the agency has responded in opposition, *id.*, Tab 4.

¶9    On review, the appellant argues that the Board has jurisdiction over his appeal under USERRA. PFR File, Tab 1 at 7. However, at the outset, the appellant styled his appeal as a forced retirement, a constructive adverse action, tantamount to a removal, and the product of coercion by the agency, IAF 13-0583, Tab 1, and, during adjudication, he continued to focus on the involuntariness of his decision to retire, *id.*, Tabs 5, 13. The administrative judge properly advised the appellant of the means by which he could establish the Board's jurisdiction over his appeal as a claimed involuntary action.[5] *Id.*, Tab 2;

---

[3] Based on this disposition, the administrative judge did not address the timeliness of the appellant's constructive removal appeals. ID at 3 n.3.

[4] On review, the appellant has submitted a Motion Regarding Appeals Settlement Program in which he suggests that it might be "economical of Court [Court of Appeals for the Federal Circuit], MSPB, and Federal resources" to consider a global settlement that includes his earlier USERRA appeal against DOJ which is, according to the appellant, now before the court on his Informal Petition for Panel Rehearing. PFR File, Tab 3. Based on the different parties involved and the varying stages of processing of these matters, the appellant's motion is DENIED.

[5] Although the appellant argues on review that the agency provided no evidence to support its position that his retirement was voluntary, PFR File, Tab 1 at 21, it is well established that an appellant bears the burden of proof as to issues of jurisdiction, 5 C.F.R. § 1201.56(a)(2)(i).

*Searcy v. Department of Commerce*, [114 M.S.P.R. 281](#), ¶ 12 (2010) (an employee-initiated action is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or show that a reasonable person would have been misled by the agency). Although the appellant has set forth, below and on review, a series of actions by the agency which he claims led to his retirement, *see, e.g.*, IAF 13-0583, Tab 5; PFR File, Tab 1 at 9-18, he has not shown error in the administrative judge's finding that the agency's decisions to direct the appellant's reassignment and to disallow his request for a "swap" of positions, actions he claims that forced him to retire, were motivated by a desire to coerce his retirement, ID at 7-9; *see Staats v. U.S. Postal Service*, [99 F.3d 1120](#), 1124 (Fed. Cir. 1996) (no coercion where employee decides to retire because he does not want to accept a new assignment, even if doing so makes continuation in the job so unpleasant that the employee feels he has no other realistic option but to leave).

¶10      Regarding the appellant's claim that he retired because of retaliation by the agency for having filed USERRA appeals and assisted others in doing so, the administrative judge properly stated that that claim could only be considered as it related to the issue of voluntariness. ID at 6; *see Hosozawa v. Department of Veterans Affairs*, [113 M.S.P.R. 110](#), ¶ 5 (2010). Yet, in analyzing this claim and rejecting it, the administrative judge found that the appellant failed to show that his protected activity was a motivating factor in the agency's denial of his "swap" request which, he claimed, led him to retire. ID at 10. To the extent the administrative judge found that the appellant did not prevail in his claim of retaliation for protected USERRA activity, that analysis went beyond the administrative judge's own correct statement of what analysis is appropriate under the circumstances. The appellant was not required to establish his claim under the USERRA statute; rather, he was required to show that the agency retaliated against him for USERRA activity, and that that retaliation had a bearing

on the voluntariness of his retirement.  *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 12 (2009).  However, because the appellant failed to show how his retaliation claim related to the voluntariness of his decision to retire, the administrative judge's error did not prejudice the appellant's substantive rights and provides no basis for reversal of an initial decision.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶11    The appellant loosely suggests that the administrative judge failed to address the credibility of a piece of evidence.  PFR File, Tab 1 at 31.  That piece of evidence is a signed, sworn declaration by the then-Acting Assistant Deputy Secretary for Field Policy and Management who denied the appellant's request for a job "swap."  IAF 13-0583, Tab 11 at 60-64.  Therein, she stated that, until the appeal was filed, she was unaware of the appellant's previous USERRA claims or of any assistance he may have provided to others regarding their USERRA rights.  *Id.* at 64.  The record reflects that the appellant filed a motion in limine, asking the administrative judge to determine the declaration to be "inadequate" on the basis that the appellant had once rejected the declarant's amorous advance.  *Id.*, Tab 14.  The administrative judge denied the motion, deeming the matter to be one of credibility and weight of the evidence and therefore not appropriate to such a motion.  *Id.*, Tab 26.  In the initial decision, the administrative judge relied upon the declaration to find that the appellant did not establish that the acts leading up to his retirement rendered his decision involuntary because of his USERRA involvement, noting that he (the administrative judge) had previously denied the appellant's motion in limine.  ID at 10, n.5.  As to the administrative judge's crediting the declaration on this issue over the appellant's contrary "bare assertion," we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  ID at 10; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997).

¶12　　　The appellant alleges on review that the administrative judge denied him due process by ruling on several motions without allowing him an opportunity to object. PFR File, Tab 1 at 29-30. In the initial decision, the administrative judge denied the appellant's motion to add DOJ as a party to these appeals, his motion to compel the agency to produce all documentation regarding that issue, and his "Motion for Judgment As A Matter of Law." ID at 11 n.6. Although the appellant refers to the Board's Judges' Handbook to support his claim, the Handbook itself provides that it is guidance, that its procedures are not mandatory, and that adjudicatory error is not established by a failure to comply with any of its provisions. *Judges' Handbook, U.S. Merit Systems Protection Board*, at 1 (Oct. 2007). In any event, the administrative judge explained the basis for his rulings, ID at 11 n.6., and the appellant has not, on review, provided a specific objection to any of them.

¶13　　　The appellant alleges that the administrative judge "did not notify anyone of any 'close of record.'" PFR File, Tab 1 at 30. On the contrary, the evidence reflects that, in the first appeal, the administrative judge issued an order on September 13, 2013, providing that the record would close on October 9, 2013, IAF 13-0583, Tab 16, and that, in a subsequent order, he extended the close-of-record date to October 25, 2013, due to the government shutdown. *Id.*, Tab 28. Similarly, in the second appeal, the administrative judge advised the parties in a February 5, 2015 order that the record would close within 20 calendar days, IAF 14-0286, Tab 5, or on February 25, 2015. The appellant has not shown any error on the part of the administrative judge regarding the close of the record. 5 C.F.R. § 1201.58.

¶14　　　Finally, the appellant argues that the administrative judge did not timely decide his appeals. PFR File, Tab 1 at 27. Given that the administrative judge had access to all of the record evidence, we find that the appellant has not shown that any delay constituted adjudicatory error that prejudiced his substantive rights. *See Panter*, 22 M.S.P.R. at 282.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS
IN MSPB DOCKET NO. SF-0752-13-0583-I-1**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS
IN MSPB DOCKET NO. SF-0752-14-0286-I-1**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                              William D. Spencer
                              Clerk of the Board

Washington, D.C.